**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GEORGE SEPULVEDA,** | : | |
| | : | **Civil No. 1:14-CV-2398** |
| **Petitioner** | : | |
| | : | **(Judge Kosik)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **MR. MARRIANA,** | : | |
| | : | |
| **Respondent** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

The petitioner in this case, George Sepulveda, is a convicted murderer and reputed leader of a violent criminal street gang, the Almighty Latin Kings Nation, who is serving multiple life sentences in this district after his convictions for racketeering, conspiracy to commit racketeering, murder in aid of racketeering, witness intimidation, and being a felon in possessing firearms, convictions which were subsequently affirmed by the United States Court of Appeals for the First Circuit. United States v. Lara, 181 F.3d 183, 190 (1st Cir. 1999). Following these murder and racketeering convictions, Sepulveda has engaged in repeated post-conviction efforts to vacate these sentences, launching repeated legal forays both in this court, Sepulveda v. Smith, 213 F. App'x 125, 126 (3d Cir. 2007), and in the court of his conviction. See e.g., Sepulveda v. United States, No. 13-1326 (1st Cir. Apr. 1,

2013)(seeking collateral review because he was denied rights established by <u>Missouri</u> <u>v. Frye</u>, 132 S. Ct. 1399 (2012) and <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012)); <u>United</u> <u>States v. Sepulveda</u>, No. 13-1216 (1st Cir. Apr. 1, 2013); <u>Sepulveda v. United States</u>, No. 10-1755 (1st Cir. July 1, 2010)(seeking collateral review because he was denied rights established by <u>Presley v. Georgia</u>, 130 S. Ct. 721 (2010)); <u>Sepulveda v. United</u> <u>States</u>, No. 05- 2336 (1st Cir. Sept. 22, 2005); <u>Sepulveda v. United  States</u>, No. 05-003 (1 st Cir. 2005); <u>Sepulveda v. United States</u>, 330 F.3d 55, 57-59 (1st Cir. 2003). These manifold post-conviction petitions have challenged Sepulveda's convictions and sentences on a host of grounds, many of which invite careful scrutiny of factual matters which occurred during Sepulveda's trial in the District of Rhode Island. Thus, the post-conviction petitions filed by Sepulveda invariably invite a factual inquiry which is most appropriately undertaken in the district of his conviction, the District of Rhode Island.

It is against this backdrop that Sepulveda has filed the instant federal habeas corpus petition. In this, his latest post-conviction petition, Sepulveda launches yet another fact-bound attack upon his federal conviction in Rhode Island, challenging his 18 U.S.C. § 1512 witness intimidation-murder conviction  in light of the narrower interpretation later given that statute in  <u>Arthur Anderson L.L.P. v. United States</u>, 544 U.S. 696 (2005) and <u>Fowler v. United States,</u> 131 S. Ct. 2045 (2011). (Doc. 1 at 7.)

The government has now filed a response to the petition which recommends that we dismiss this §2241 petition entirely, arguing that Sepulveda has not shown that the remedy under § 2255 of a motion to vacate sentence in filed in the district of conviction, the District of Rhode Island would be inadequate or ineffective to test the legality of his detention. While we are not entirely persuaded[1] that dismissal is the proper course to follow here, we need not decide this issue because we find highly persuasive the suggestion that the fact-bound claims set forth in this latest post-conviction claim are best considered in the court which heard this case originally, the United States District Court for the District of Rhode Island. Therefore, for the reasons set forth below, it is recommended that this matter be transferred to the District of Rhode Island for further proceedings.

## II.   **Discussion**

---

[1]We are not completely persuaded that dismissal is compelled here because we are mindful of the government's position in Persaud, where the United States suggested that, in some very narrow instances,  28 U.S.C. § 2241 may provide an avenue of relief for persons convicted and sentenced for offenses when a subsequent change in statutory interpretation undermines the validity of that conviction and sentence. See Persaud v. United States, 134 S. Ct. 1023, 188 L. Ed. 2d 117 (2014). However, given the transfer recommendation which we make, it is unnecessary to reach this issue.

## A.     This Petition Should Be Transferred to the Sentencing Court

In this case, we are presented with a federal habeas corpus petition which raises intrinsically fact-bound legal claims relating to a murder committed in another district, a crime which is a matter of the greatest gravity for the both the petitioner and for the district court in the district of Sepulveda's conviction, the community where the victim of this terrible crime lived, and died.

In assessing how best to proceed with the resolution of these claims we are mindful of the fact that federal habeas corpus proceedings are essentially civil proceedings, and as such are governed by the statutes and rules which apply generally to civil litigation. Thus, such petitions are also subject to the general rules governing venue in civil litigation, including Title 28 U.S.C. § 1404(a), which states as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."

Adhering to this familiar principle, we note that when courts in this district have been confronted by habeas petitions, like the petition lodged here, which challenge aspects of a sentence imposed by another federal district court, they have often relied upon §1404 to order the transfer of the petition to the sentencing court for its consideration. In reaching this result we have observed that:

The Court may apply "traditional venue considerations," including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found, to habeas cases. <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 493-94, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Indeed, this Court has followed this course of action in other cases where an inquiry into the sentencing court's intent was necessary to properly dispose of a petition. . . . . <u>See Argentina v. Sniezek</u>, Civil No. 4:09-CV-0382, 2010 WL 2632561, at *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); <u>Gardner v. Williamson</u>, Civil No. 3:07-CV-1788, 2008 WL 1752229, at *4 (M.D.Pa. April 14, 2008) (Munley, J.) (citing <u>Verissimo v. INS</u>, 204 F.Supp.2d 818, 820 (D.N.J.2002) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); <u>Wilkins v. Erickson</u>, 484 F.2d 969, 973 (8th Cir.1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records.").).

<u>Stover v. Sniezek</u>, No. 1:10-CV-1213,  2010 WL 3220318, *4 (M.D.Pa. Aug. 12 2010)(Jones, J.); <u>see, e.g.</u>,  <u>See Argentina v. Sniezek</u>, Civil No. 4:09-CV-0382, 2010 WL 2632561,  *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); <u>Gardner v. Williamson</u>, Civil No. 3:07-CV-1788, 2008 WL 1752229, *4 (M.D.Pa. April 14, 2008) (Munley, J.). Indeed, we note that such transfers have been routinely granted by the courts, when the interests of justice favor such a transfer. <u>See e.g., Garner v. Warden, FCI Schuylkill</u>, No. 1:15-CV-0130, 2015 WL 539840, at *1 (M.D. Pa. Feb. 10, 2015); <u>Brawner v. Thomas</u>, No. 1:14-CV-01489, 2014 WL 7139826, at *3 (M.D. Pa. Dec. 12, 2014); <u>Potocki v. Thomas</u>, No. CIV.A. 3:14-0906, 2014 WL 2214283, at *2 (M.D.

Pa. May 28, 2014).

In this case, we conclude the prerequisites for a transfer of this matter to the District of Rhode Island pursuant to 28 U.S.C. §1404 are satisfied. At the outset, it seems that the District of Rhode Island is another district where these claim might have been brought through a motion under 28 U.S.C. §2255. Therefore, venue over these claims also arguably lies in that district. Indeed, Sepulveda has in the past recognized Rhode Island as an appropriate venue for the litigation of such claims, as evidenced by the multiple, prior petitions of a similar nature filed by Sepulveda in the district of his conviction. Moreover, even if Sepulveda were to dispute that venue lies over this particular matter in the district of his conviction under §2255, we have been counseled by the court of appeals that: "We need not, however, be overly concerned with the limitations on transfer in section 1404(a), as we believe that there is at least a plausible argument that if [Sepulveda] has no other remedy in the district of his conviction and sentencing, the Court of Appeals . . .  would approve of the district court's exercising jurisdiction under the All–Writs Act, 28 U.S.C. § 1651(a) to grant him a writ of error *coram nobis*. See United States v. Shamy, 886 F.2d 743 (4th Cir.1989); United States v. Mandel, 862 F.2d 1067 (4th Cir.1988)." In re Nwanze, 242 F.3d 521, 526 (3d Cir. 2001). Indeed, we note that this is precisely the course which this court and the federal courts in Rhode Island have followed in the past when

6

dealing with one of Sepulveda's prior post-conviction petitions, a petition which was transferred from this district to the District of Rhode Island and was treated as a petition for writ of error *coram nobis*. See Sepulveda v. Smith, No. CIV.A. 05-138 ML, 2006 WL 162085, at *2 (D.R.I. Jan. 20, 2006). Thus, the practice we propose here has been specifically endorsed by the court of appeals, and has actually been used in the past when addressing venue issues relating to prior filings by this petitioner.

It is also evident that the second prerequisite for a transfer order is present here: A transfer of this action to the District of Rhode Island would serve: "the convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C. §1404(a). As we have previously noted when transferring other petitions to the sentencing district:

> Because the District Court . . . sentenced the petitioner, the events material to the case took place in that district. In addition, the court in that district has access to the evidence that led the court to make its sentencing . . . determination and can best access any witnesses necessary to investigate the case. The interests of judicial efficiency and economy would best be served by transferring the case to the [sentencing court].

Gardner v. Williamson, supra, 2008 WL 1752229, at *4. These guiding principles have particular weight and resonance in our view in this case, a murder prosecution, where considerations of convenience for parties, witnesses, and the family of the victim should be given paramount importance.

Finally, we note that an order transferring this case to the sentencing district for

further proceedings also protects the petitioner's rights as a *pro se* litigant. Such a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the petitioner can have his case heard on its merits in the most appropriate and fully-informed forum. See, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

## III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED, that this Court should transfer this petition to the District of Rhode Island pursuant to 28 U.S.C. § 1404, so that court may address Sepulveda's latest fact-bound legal challenge to his convictions and sentence for his role in this racketeering and murder conspiracy.

The parties are placed on notice that pursuant to Local Rule 72.3:

   Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is

made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of April, 2015.

S/Martin C.  Carlson

Martin C. Carlson

United States Magistrate Judge